Scott **RESTVEDT, dba Valley Bail Bonds and Process Service; David Crow, dba Valley Bail Bonds and Process Service; Evlyn Crow, dba Valley Bail Bonds and Process Service, Plaintiffs—Appellants,**

v.

Patricia **CARLSON, individually and in her official capacity as Court Administrator for the Bozeman Municipal Court, Defendant—Appellee.**

No. 03–35243.

United States Court of Appeals, Ninth Circuit.

Submitted June 11, 2004.*

Decided June 15, 2004.

Douglas W. Marshall, Esq., Marshall Law Firm, Bozeman, MT, for Plaintiffs–Appellants.

Barry G. O'Connell, Esq., Moore, Rice, O'Connell & Refling, Bozeman, MT, for Defendant–Appellee.

Fed. R.App. P. 34(a)(2).

* This panel unanimously finds this case suitable for decision without oral argument. See

Before: PREGERSON, THOMPSON, and CALLAHAN, Circuit Judges.

## MEMORANDUM **

Scott Restvedt and the other plaintiffs who do business as Valley Bail Bonds (collectively "the plaintiffs") appeal the district court's summary judgment in favor of Patricia Carlson, administrator and judge of the Bozeman Municipal Court, in their 42 U.S.C. § 1983 action challenging Judge Carlson's "time-pay" bail policy. We review grants of summary judgment de novo. *United States v. City of Tacoma,* 332 F.3d 574, 578 (9th Cir.2003).

Even if we were to assume for the sake of argument that Article II, Section 21 of the Montana Constitution gives the plaintiffs the right under Montana law to practice their bail bond profession, Judge Carlson's use of the time-pay bond program does not abridge any such "right." It merely gives defendants who are entitled to bail the opportunity to post bail in installments, rather than pay the full amount at the outset. Such a program provides an alternative form of bond structure to persons who are unable or unwilling to pay for a surety bond. It is possible the program could compete with the plaintiffs' opportunity to provide surety bonds, but neither Montana law nor the United States Constitution confers upon the plaintiffs any right to issue surety bonds free from competing alternative arrangements.

Because the time-pay bail program does not deprive the plaintiffs of any constitutionally protected liberty or property interest, we affirm the district court's decision. *See Nunez v. City of Los Angeles,* 147 F.3d 867, 871 (9th Cir.1998).

AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

